IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAY 3 0 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CHERYL STREET )
)
       Plaintiff, )
)
    v. ) No.
)
INGALLS MEMORIAL HOSPITAL and INGALLS
MEMORIAL HOSPITAL AS ADMINISTRATOR AND
FIDUCIARY UNDER THE INGALLS MEMORIAL
HOSPITAL'S SHORT TERM DISABILITY
PLAN and INGALLS MEMORIAL HOSPITAL AS
ADMINISTRATOR AND FIDUCIARY OF THE , —
INGALLS MEMORIAL HOSPITAL LONG TERM )
DISABILITY PLAN. )
)
       Defendants )

06CV2963
JUDGE ST.EVE
MAGISTRATE COLE

<u>JURY TRIAL DEMANDED</u>

## COMPLAINT

## COUNT I

## DISABILITY DISCRIMINATION

### <u>NATURE OF THE ACTION</u>

1.   Count I of this action is brought against Defendant

INGALLS MEMORIAL HOSPITAL pursuant to the Americans With

Disabilities Act of 1990, as amended, 42 U.S.C. 1202, et seq. for

refusal to re-employ Plaintiff Cheryl Street on account of her

disability.

### <u>JURISDICTION AND VENUE</u>

2   Jurisdiction of this Court for Count I is invoked

1

pursuant to 42 U.S.C. 2000e-5(f)(3), 28 U.S.C. 1331 and 1343(4).

3.    Plaintiff, Cheryl L. Street is a citizen of the United States and is a resident of the State of Illinois residing at 2091 E. 3100 North Road, Martinton, Il 60651.

4.    Defendant INGALLS MEMORIAL HOSPITAL ("INGALLS") does business in the Northern District of Illinois, and  maintains employment records in the Northern District of Illinois and maintains a facility at 1 Ingalls Drive, Harvey, Il 60426.

5.    INGALLS is an employer in Harvey, Illinois and at all times relevant to this complaint has been engaged in an industry affecting commerce and employs more than 500 employees in the United States.

6    Venue is proper under 28 U.S.C. 1391(b) and 42 U.S.C. 2000e-5(f)(3).

JURY TRIAL DEMANDED

7    Plaintiff, Cheryl Street, requests a jury trial on all questions of fact raised by the Complaint.

8    On or about March 4, 2005, Plaintiff filed timely charges of disability discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC").   Said filing was within 300 days of the most recent unlawful employer practice.

2

9.    On or about May 10, 2006 the Equal Employment Opportunity Commission dated and issued a Notice of Right To Sue Defendants under Title VII of the Civil Right Act for disability discrimination to the plaintiff which notice was received by plaintiff on or about May 12, 2006.

10.    Plaintiff was first employed with the defendant on October 4, 2002 in the position of RN Case Manager and was an employee in that position with the defendant on March 22, 2004 when she fell while on the job and suffered a compound fracture in her leg.

11.    Plaintiff was granted a leave of absence by the defendant until July 16, 2004.

12.    Prior to May 28, 2004, Plaintiff filed a claim for workers compensation benefits against the defendant by reason of the injuries she suffered in her fall.

13.    Plaintiff was still unable to work as a result of her compound fracture when her leave of absence expired on or about July 16, 2004.

14.    After her leave of absence expired, Plaintiff was advised by defendant that she could re-apply for positions with the defendant only if she could provide a return to work authorization from her doctor.

3

15. On July 27, 2004 plaintiff received a return to work authorization from her physician provided that she have an accommodation of a wheel chair, walker or cane and presented that authorization to the appropriate representative from Ingalls Memorial Hospital.

16. During a meeting with defendant's Occupational Health Manager, plaintiff was told that she could not return to work in her present position as RN case Manager or any position until she did not need a disability accommodation such as a wheel chair, walker or walking cane.

17. During the period following her discharge from the hospital for treatment of her compound fracture, plaintiff required a wheel chair for mobility.

18. With a wheel chair accommodation, plaintiff could perform all of the conditions of her job as an RN case worker.

19. With a wheel chair accommodation, plaintiff could perform all of the conditions of other positions with defendant Ingalls Memorial Hospital for which she was qualified.

20. Plaintiff attempted to file an application for re-employment with the defendant Ingalls Memorial Hospital on or about July 27, 2004 but the application was refused because plaintiff required a disability accommodation of a wheel chair.

4

21. Defendant Ingalls Memorial Hospital is the administrator for the Ingalls Memorial Hospital Short Term Disability Plan.

22. Defendant Ingalls Memorial Hospital is a fiduciary of the Ingalls Memorial Hospital Short Term Disability Plan.

23. On May 23, 2004, Plaintiff had a right to file a claim under the Ingalls Memorial Hospital 's short term disability plan.

24. Prior to May 23, 2004, plaintiff had filed a claim for Worker's Compensation benefits as a result of the fall she suffered on March 22, 2004.

25. On May 23, 2004 plaintiff attempted to file a claim for benefits under the Ingalls Memorial Hospital Short Term Disability Plan.

26. Defendant Ingalls Memorial Hospital stated that no employee could file a claim for benefits under the Ingalls Memorial Hospital Short Term Disability Plan while a claim for workers compensation was pending for that individual.

27. The right to file a claim under the Ingalls Memorial Hospital Short Term Disability Policy is a term and condition of employment which was adversely affected by the defendant Ingalls

5

Memorial Hospital's actions to deny plaintiff the right to claim her short term disability benefits.

28. Plaintiff would not be entitled to make a claim under the Defendant's Short Term Disability Plan but for her disability.

29. Defendant Ingalls Memorial Hospital's denial of plaintiff's right to claim disability benefits under the defendant's short term disability plan during the pendency of her workers compensation claim for the same injury constitutes discrimination under the Americans with Disabilities Act Section 102 (a) regarding the terms and conditions of employment because of plaintiff's disability.

30. As a proximate result of the defendant Ingalls Memorial Hospital's denial of plaintiff's right to claim disability benefits under the Ingalls Memorial Hospital's Short Term Disability Plan, plaintiff was denied disability income during the period of her greatest need and plaintiff has suffered severe mental and emotional stress and pain and suffering as a proximate result of defendant's denial of plaintiff's right to claim disability benefits.

31. As a proximate result of defendant Ingalls Memorial Hospital's wrongful denial of the right to reapply for work,

6

plaintiff has suffered lost wages and benefits and mental pain and suffering.

32. The unlawful employment practices by the defendant Ingalls Memorial Hospital complained of herein were and are intentional.

33. At all times duirng 2004 defendant Ingalls Memorial Hospital knew that it was a violation of the Americans With Disabilities Act at 42 U.S.C. 1201 et seq. to discriminate against an employee on the basis of her disability.

34. The unlawful employment practices complained of herein were willful violations of the American With Disabilities Act in that defendant Ingalls Memorial Hospital knew or should have known that its conduct violated the plaintiff's rights.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff  respectfully prays that this Court:

A. Award plaintiff damages Ingalls Memorial Hospital in the amount of lost pay and fringe benefits, and front pay.

B. Award plaintiff damages from the defendant Ingalls Memorial Hospital for interest on the loss of use of money under the Ingalls Memorial Hospital Short Term Disability Plan;

C. Award plaintiff compensatory damages from the defendant Ingalls Memorial Hospital for her economic damages and for her

7

damages due to her extreme emotional pain and suffering in the
maximum amount allowed by law;

    D.  Award Plaintiff punitive damages and/or liquidated
damages from the defendant Ingalls Memorial Hospital in an amount
not to exceed the maximum amount permitted by law;

    E.  Order defendant Ingalls Memorial Hospital to pay
Plaintiff's reasonable attorney's fees, including expert witness
fees, expenses and costs pursuant to 42 U.S.C. 2000e-5(k)
incurred both during the administrative proceedings and as a
result of this litigation;

    F.  Grant such further relief as the Court deems necessary
and proper.

## COUNT II

### ACTION AGAINST THE INGALLS MEMORIAL HOSPITAL AS ADMINISTRATOR AND FIDUCIARY UNDER THE INGALLS MEMORIAL HOSPITAL SHORT TERM DISABILITY PLAN FOR BREACH OF FIDUCIARY DUTY

    1.  Count II is a class action brought by the plaintiff
Cheryl Street against INGALLS MEMORIAL HOSPITAL as administrator
and fiduciary under the Ingalls Memorial Hospital Short Term
Disability Plan for breach of fiduciary duty under 29 U.S.C.
1132(a)(3) and for failure to follow the terms of the Ingalls
Memorial Hospital Short Term Disability Plan.

8

2.    Jurisdiction of this Court for Count II is invoked pursuant to 29 U.S.C. 1132(a)(3), 28 U.S.C. 1331 and 1343(4).

3.    Plaintiff, Cheryl L. Street is a citizen of the United States and is a resident of the State of Illinois residing at 2091 E. 3100 North Road, Martinton, Il 60651.

4.    The Ingalls Memorial Hospital  Short Term Disability Plan (alternatively referred to as the "Short Term Disability Plan") is a welfare benefit plan maintained for the benefit of the plan participants who are employees of Ingalls Memorial Hospital and is a plan subject to the Employee Retirement Income Security Act of 1974, as amended.

5.    The Ingalls Memorial Hospital Short Term Disability Plan is maintained and administered in Harvey, Illinois in the Northern District of Illinois.

6.    Defendant Ingalls Memorial Hospital is the administrator of the Ingalls Memorial Hospital Short Term Disability Plan.

7.    Defendant Ingalls Memorial Hospital is a fiduciary under the Ingalls Memorial Hospital Short Term Disability Plan.

8.    Venue is proper under 28 U.S.C. 1391(b).

9.    Plaintiff Cheryl Street was a participant in the Ingalls Memorial Hospital Short Term Disability Plan on or about March 22, 2004.

9

10.  On March 22, 2004 plaintiff fell and suffered a serious compound fracture in her leg.  On or about May 23, 2004, plaintiff's sick leave compensation from Ingalls Memorial Hospital ended and plaintiff sought to claim benefits under the Ingalls Memorial Hospital Short Term Disability Plan from the defendant Ingall's Memorial Hospital as Plan administrator for the Short Term Disability Plan.

11.  The Ingalls Memorial Hospital as administrator and fiduciary under the Short term disability plan denied plaintiff the right to file a claim for benefits under the Short Term Disability Plan and stated the reason for denying plaintiff the right to file a disability claim was that it was the defendant's policy not to allow individuals who had a pending claim under the Workers Compensation Act to also file a claim benefits under the Short Term Disability Plan for the same injury.

12.  The Ingalls Memorial Hospital made the decision, as the administrator and as the fiduciary under the Ingalls Memorial Hospital Short Term Disability Plan, to deny the plaintiff the right to file a claim to disability benefits during the pendency of a claim by such participant for workers compensation benefits.

13.  Pursuant to defendant's policy of denying plaintiff the right to claim disability benefits, plaintiff was without short

10

term disability income at the time she was entitled to receive such income in 2004.

## CLASS ACTION ALLEGATIONS

14.  This action is brought by Plaintiff as a class action, and on her own behalf and on behalf of all others similarly situated, under the provisions of Federal Rule of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), for injunctive and declaratory relief, equitable restitution and relief incident and subordinate thereto, including, but not limited to, costs and attorneys' fees.

15.  The class so represented by Plaintiff in this action, and of which Plaintiff is herself a member, consists of all past present and future participants in the Ingalls Memorial Hospital Short Term Disability Plan who are or may become  disabled under the terms of the Ingalls Memorial Hospital Short Term Disability Plan and who filed or may in the future file claims for benefits with the Illinois Workers' Compensation Commission under the Workers Compensation Act with respect to the injury or occupational disease  causing their short term disability and who were or will be denied the right to file a claim for benefits under the Ingalls Memorial Hospital Short Term Disability Plan

11

during the pendency of their Workers Compensation Claim.

16. The exact number of members of the class, as hereinbefore identified and described, is not known, but it is estimated that there are more than 50 current and future members in the class. The class is so numerous that joinder of individual members herein is impracticable.

17. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class, namely whether the participants in the Ingalls Memorial Hospital Short Term Disability Plan who are off work due to sickness or disability and who have also filed claims with the Illinois Workers' Compensation Commission for claims under the Workers compensation Act may be barred by the Administrator of the Short Tern Disability Plan from filing a claim for benefits under the Short Term Disability Plan during the pendency of their claim for benefits under the Workers compensation Act.

18. The claim of the Plaintiff, who is representative of the class herein, is typical of the claims of the class, in that the claims of all the members of the class, including Plaintiff depend on a showing of the acts and omissions of defendant

12

Ingalls Memorial Hospital as Administrator and fiduciary of the

Short Term Disability Plan giving rise to the rights of Plaintiff

and to the relief sought herein.   There is no conflict between

the named Plaintiff and other members of the class with respect

to this action, or with respect to the claims for relief herein

set forth.

19.   The named Plaintiff is the representative party for the

class, and is able to, and will fairly and adequately protect the

interests of the class.   The attorney for the class is

experienced and capable in litigation in the field of the

Employee Retirement Income Security Act of 1974, as amended, and

has successfully represented claimants in other litigation of

this nature.   Counsel for Plaintiff, Charles Drake Boutwell, will

actively conduct and be responsible for Plaintiff's case herein.

20.   This action is properly maintained as a class action in

that the prosecution of separate actions by individual members of

the class would create a risk of varying adjudications with

respect to individual members of the class which would establish

incompatible standards of conduct for the defendant herein, which

opposes the class.

21.   This action is properly maintained as a class action

in that the prosecution of separate actions by individual members

13

of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

22.   This action is properly maintained as a class action in as much as the defendant herein, which opposes the class, has acted or refused to act, as hereinafter more specifically alleged, on grounds which are applicable to the class, and has by reason of such conduct, made appropriate final injunctive relief or corresponding declaratory relief with respect to the entire class, as sought in this action.

23.   Had plaintiff been allowed the right to claim benefits from the Short Term Disability Plan in May of 2004, she would have been entitled to receive such disability benefits beginning on or about May 23, 2004.

24.   Plaintiff subsequently lost her claim under the Workers Compensation Act statues when the finder of fact held that her fall at work did not arise out of the course of employment.

25.   After plaintiff's claim for workers compensation benefits ended, defendant allowed plaintiff to claim benefits

14

under the Short Term Disability Plan and the Short Term

Disability Plan paid the monthly amounts due under the Short Term

Disability Plan. However, the Short Term Disability Plan failed

to pay interest for the loss of use of money.

26. Plaintiff has suffered monetary damages in the amount

of interest on the payments she should have received in 2004

rather than after conclusion of her workers compensation claim.

27. The Short Term Disability Plan states that participants

who are sick or disabled and who cannot work may receive short

term disability benefits during the time of their disability.

28. ERISA Act Section 404 (a) provides in relevant part:

Subject to sections 403(c) and (d), 4042 and 4044, a
fiduciary shall discharge his duties with respect to a plan
solely in the interest of the participants and beneficiaries
and

(A) for the exclusive purpose of (i) providing benefits to
participants and their beneficiaries, and  (ii) defraying
reasonable expenses of administrating the plan...
* * *
(D) in accordance with the documents and instruments of the
plan insofar as such documents and instruments are
consistent with the provisions of this title or Title IV.

29. The purpose of the Short Term Disability Plan is to

provide short term disability benefits at the time of the

disability when the participant is unable to work due to the

illness or disability.

15

30.   Since May 23, 2004 until the final conclusion of her claim for benefits under the Workers Compensation Act, plaintiff was denied by Ingalls Memorial Hospital, as Administrator and fiduciary under the Short Term Disability Plan, of the right to file for short term and long term disability benefits because she filed a worker's compensation claim.

31.   The Ingalls Memorial Hospital, as Administrator and fiduciary under the Short Term Disability Plan, maintains a policy of denying the participants in the Short Term Disability Plan the right to claim short term disability benefits while a participant has a claim pending under the Workers Compensation Act.

32.   Ingalls Memorial Hospital's denial, as Administrator and fiduciary under the Short Term Disability Plan, of the right of plaintiff and similarly situated plan participants to claim benefits under the Short Term Disability Plan serves the purposes of the defendant Ingalls Memorial Hospital to discourage participants injured on the job from filing Workers Compensation Claims by denying immediate money for the injured or sick employees while the Workers Compensation Act claims are pending.

33.   The Ingalls Memorial Hospital's denial, as Administrator and fiduciary under the Short Term Disability Plan,

16

of the right of plaintiff and similarly situated plan
participants to claim benefits under the Short Term Disability
Plan serves the purposes of the Ingalls Memorial Hospital
insurance carrier to discourage the filing of claims under the
Workers Compensation Act.

34.   Ingalls Memorial Hospital's denial, as Administrator
and fiduciary under the Short Term Disability Plan,  of the right
of plaintiff and similarly situated plan participants to claim
benefits under the Short Term Disability Plan fails to follow the
terms and conditions of the Short Term Disability Plan.

35.   Ingalls Memorial Hospital's denial, as Administrator
and fiduciary under the Short Term Disability Plan, of the right
of plaintiff and similarly situated plan participants to claim
benefits under the Short Term Disability Plan allows the
defendant or its Worker's Compensation Carrier to use monies
which should be paid to plan participants for their own use at a
time when such assets should have been paid to participant.

36.   Ingalls Memorial Hospital's denial, as Administrator
and fiduciary under the Short Term Disability Plan, denied
plaintiff the right to apply for a short term disability benefit
under the Short Term Disability Plan because she had filed a

17

workers compensation claim which was still pending on May 23,
2004 when plaintiff had a right to file an application for
benefits under the Short Term Disability Plan.

37.  Ingalls Memorial Hospital's policy, as Administrator
and fiduciary under the Short Term Disability Plan,  is a use of
the Short term Disability Plan for the purposes of the Ingalls
Memorial Hospital to provide a substantial disincentive for
employees to pursue their claims under the Worker Compensation
Act rather than for the exclusive use of plan participants and
their beneficiaries.

38.  Ingalls Memorial Hospital's policy, as Administrator
and fiduciary under the Short Term Disability Plan, of denying
participant's the right to claim benefits under the  Short Term
Disability Plan is a violation of the exclusive benefit rule
under ERISA Act Section 404(a) which requires that a  plan be
used for the exclusive benefit of participants and their
beneficiaries.

39.  Ingalls Memorial Hospital's policy, as Administrator
and fiduciary under the Short Term Disability Plan, of denying
plaintiff the right to make a timely claim for benefits under the
Short Term Disability Plan deprived the plaintiff of the loss of

18

use of the money at the time when plaintiff was unable to work.

40. Plaintiff has suffered damages for loss of use of the money she was entitled to have received at the time of her disability.

41. Ingalls Memorial Hospital's policy, as Administrator and fiduciary under the Short Term Disability Plan, that no participant may claim benefits under the Short Term Disability Plan while a Workers Compensation Act is pending is a breach of fiduciary duty in that the Short Term Disability Plan is being operated for the purpose of discouraging workers compensation claims for the benefit of both the defendant Ingalls Memorial Hospital and its insurance carrier for workers compensation benefits.

42. Ingalls Memorial Hospital's decision, as Administrator and fiduciary under the Short Term Disability Plan, to deny plaintiff the right to file a claim to benefits under the Short Term Disability Plan is contrary to the terms of the Short Term Disability Plan and it is a breach of fiduciary duty to fail to follow the Short Term Disability Plan terms.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

19

A.    Award plaintiff and all members of the class she represents damages from the Ingalls Memorial Hospital in the amount of interest of the benefits they should have received for the delay in payment of benefits of their claims under the Short Term Disability Plan:

B.    Enjoin the Ingalls Memorial Hospital as administrator and fiduciary of the Short Term Disability Plan from denying participant the right to file claims for benefits under the Short Term Disability Plan during the pendency of claims for benefits under the Workers Compensation Act.

C.    Order defendant Ingalls Memorial Hospital to pay Plaintiff's reasonable attorney's fees, including expert witness fees, expenses and costs pursuant to 29 U.S.C. 1132 incurred both during the administrative proceedings and as a result of this litigation;

D.    Grant such further relief as the Court deems necessary and proper.

## COUNT III

ACTION AGAINST THE INGALLS MEMORIAL HOSPITAL AS ADMINISTRATOR AND
FIDUCIARY UNDER THE INGALLS MEMORIAL HOSPITAL LONG TERM DISABILITY
PLAN FOR BREACH OF FIDUCIARY DUTY

1.   Count III is a class action brought by the plaintiff
Cheryl Street against INGALLS MEMORIAL HOSPITAL as administrator
and fiduciary under the Ingalls Memorial Hospital Long Term
Disability Plan for breach of fiduciary duty under 29 U.S.C.
1132(a)(3) and for failure to follow the terms of the Ingalls
Memorial Hospital Long Term Disability Plan.

2.   Jurisdiction of this Court for Count III is invoked
pursuant to 29 U.S.C. 1132(a)(3), 28 U.S.C. 1331 and 1343(4).

3.   Plaintiff, Cheryl L. Street is a citizen of the United
States and is a resident of the State of Illinois residing at
2091 E. 3100 North Road, Martinton, Il 60651.

4.   The Ingalls Memorial Hospital Long Term Disability Plan
(alternatively referred to as the "Long Term Disability Plan")is
a welfare benefit plan maintained for the benefit of the plan
participants who are employees of Ingalls Memorial Hospital and
is a plan subject to the Employee Retirement Income Security Act
of 1974, as amended.

5.   The Ingalls Memorial Hospital Long Term Disability Plan
is maintained and administered in Harvey, Illinois in the

21

Northern District of Illinois.

6.  Defendant Ingalls Memorial Hospital is the administrator of the Ingalls Memorial Hospital Long Term Disability Plan.

7.  Defendant Ingalls Memorial Hospital is a fiduciary under the Ingalls Memorial Hospital Long Term Disability Plan.

8  Venue for Count III is proper under 28 U.S.C. 1391(b).

9.  Plaintiff Cheryl Street was a participant in the Ingalls Memorial Hospital Long Term Disability Plan on or about March 22, 2004.

10.  On March 22, 2004 plaintiff fell and suffered a serious compound fracture in her leg.  On or about September 22, 2004, the period for payment of Plaintiff's benefits under the Ingalls memorial Hospital Short Term Disability Plan ended and plaintiff sought to claim benefits under the Ingalls Memorial Hospital Long Term Disability Plan from the defendant Ingall's Memorial Hospital as Plan administrator for the Long Term Disability Plan.

11.  The Ingalls Memorial Hospital as administrator and fiduciary under the Long Term Disability Plan denied plaintiff the right to file a claim for benefits under the Long Term Disability Plan and stated the reason for denying plaintiff the right to file a disability claim was that it was the defendant's policy not to allow individuals who had a pending claim under the

22

Workers Compensation Act to also file a claim benefits under the Long Term Disability Plan for the same injury.

12. The Ingalls Memorial Hospital made the decision, as the administrator and as the fiduciary under the Ingalls Memorial Hospital Long Term Disability Plan, to deny the plaintiff the right to file a claim for long term disability benefits during the pendency of a claim by such participant for workers compensation benefits.

13. Pursuant to defendant's policy of denying plaintiff the right to claim disability benefits, plaintiff was without long term disability income at the time she was entitled to receive such income in 2004, 2005 and 2006.

## CLASS ACTION ALLEGATIONS

14. This action is brought by Plaintiff as a class action, and on her own behalf and on behalf of all others similarly situated, under the provisions of Federal Rule of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), for injunctive and declaratory relief, equitable restitution and relief incident and subordinate thereto, including, but not limited to, costs and attorneys' fees.

15. The class so represented by Plaintiff in this action, and of which Plaintiff is herself a member, consists of all past

present and future participants in the Ingalls Memorial Hospital

Long Term Disability Plan who are or may become  disabled under

the terms of the Ingalls Memorial Hospital Long Term Disability

Plan and who filed or may in the future file claims for benefits

with the Illinois Workers' Compensation Commission under the

Workers Compensation Act with respect to the injury causing their

disability and who were or will be denied the right to file a

claim for benefits under the Ingalls Memorial Hospital Long Term

Disability Plan during the pendency of their Workers Compensation

Claim.

16.    The exact number of members of the class, as

hereinbefore identified and described, is not known, but it is

estimated that there are more than 50 current and future members

in the class.   The class is so numerous that joinder of

individual members herein is impracticable.

17.    There are common questions of law and fact in the

action that relate to and affect the rights of each member of the

class and the relief sought is  common to the entire class,

namely whether the participants in the Ingall's Memorial Hospital

Long Term Disability Plan who are off work due to sickness or

disability and who have also filed claims with the Illinois

Workers' Compensation Commission for claims under the Workers

24

compensation Act may be barred by the Administrator of the Long Term Disability Plan from filing a claim for benefits under the Long Term Disability Plan during the pendency of their claim for benefits under the Workers compensation Act.

18. The claim of the Plaintiff, who is representative of the class herein, is typical of the claims of the class, in that the claims of all the members of the class, including Plaintiff depend on a showing of the acts and omissions of defendant Ingalls Memorial Hospital as Administrator and fiduciary of the Long Term Disability Plan giving rise to the rights of Plaintiff and to the relief sought herein. There is no conflict between the named Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

19. The named Plaintiff is the representative party for the class, and is able to, and will fairly and adequately protect the interests of the class. The attorney for the class is experienced and capable in litigation in the field of the Employee Retirement Income Security Act of 1974, as amended, and has successfully represented claimants in other litigation of this nature. Counsel for Plaintiff, Charles Drake Boutwell, will actively conduct and be responsible for Plaintiff's case herein.

20. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendant herein, which opposes the class.

21. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

22. This action is properly maintained as a class action in as much as the defendant herein, which opposes the class, has acted or refused to act, as hereinafter more specifically alleged, on grounds which are applicable to the class, and has by reason of such conduct, made appropriate final injunctive relief or corresponding declaratory relief with respect to the entire class, as sought in this action.

23. Had plaintiff been allowed the right to claim benefits

26

from the Long Term Disability Plan in or about September 22,
2004, she would have been entitled to receive such disability
benefits beginning in or about September 22,2004.

24.    Plaintiff subsequently lost her claim under the Workers
Compensation Act statues when the finder of fact held that her
fall at work did not arise out of the course of employment.

25.    After plaintiff's claim for workers compensation
benefits ended, defendant allowed plaintiff to claim benefits
under the Long Term Disability Plan.  However, the Long Term
Disability Plan has failed to pay any benefits to the plaintiff
as of the date of this filing of this complaint due to the
failure of the Administrator to timely provide benefit
application forms to the plaintiff and has failed to pay interest
for the loss of use of money.

26.    Plaintiff has suffered monetary damages in the amount
of interest on the payments she should have received in 2004,
2005 and 2006 rather than after conclusion of her workers
compensation claim.

27.    The Long Term Disability Plan states that participants
who are sick or disabled and who cannot work may receive benefits
beginning six months after the onset of their disability.

28.    ERISA Act Section 404 (a) provides in relevant part:

27

Subject to sections 403(c) and (d), 4042 and 4044, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and

(A) for the exclusive purpose of (i) providing benefits to participants and their beneficiaries, and (ii) defraying reasonable expenses of administrating the plan...
* * *
(D) in accordance with the documents and instruments of the plan insofar as such documents and instruments are consistent with the provisions of this title or Title IV.

29. The purpose of the Long Term Disability Plan is to provide long term disability benefits at the time of the disability when the participant is unable to work due to the illness or disability.

30. Since September 22, 2005 until the final conclusion of her claim for benefits under the Workers Compensation Act, plaintiff was denied by Ingalls Memorial Hospital, as Administrator and fiduciary under the Long Term Disability Plan, of the right to file for long term disability benefits because she filed a worker's compensation claim.

31. The Ingalls Memorial Hospital as Administrator and fiduciary under the Long Term Disability Plan maintains a policy of denying the participants in the Long Term Disability Plan the right to claim short term disability benefits while a participant has a claim pending under the Workers Compensation Act.

32. Ingalls Memorial Hospital's denial, as Administrator and fiduciary under the Long Term Disability Plan, of the right of plaintiff and similarly situated plan participants to claim benefits under the Long Term Disability Plan serves the purposes of the defendant Ingalls Memorial Hospital to discourage participants injured on the job from filing Workers Compensation Claims by denying immediate money for the injured or sick employees while the Workers Compensation Act claim is pending.

33. The Ingalls Memorial Hospital's denial, as Administrator and fiduciary under the Long Term Disability Plan, of the right of plaintiff and similarly situated plan participants to claim benefits under the Long Term Disability Plan serves the purposes of the Ingalls Memorial Hospital and its insurance carrier to discourage the filing of claims under the Workers Compensation Act.

34. Ingalls Memorial Hospital's denial, as Administrator and fiduciary under the Long Term Disability Plan, of the right of plaintiff and similarly situated plan participants to claim benefits under the Long Term Disability Plan fails to follow the terms and conditions of the Long Term Disability Plan.

35. Ingalls Memorial Hospital's denial, as Administrator and fiduciary under the Long Term Disability Plan, of the right of

29

plaintiff and similarly situated plan participants to claim benefits under the Long Term Disability Plan allows the defendant or its Worker's Compensation Carrier to use monies which should be paid to plan participants for their own use at a time when such assets should have been paid to participant.

36. Ingalls Memorial Hospital's denial, as Administrator and fiduciary under the Long Term Disability Plan, denied plaintiff the right to apply for a long term disability benefit under the Long Term Disability Plan because she had filed a Workers Compensation Claim which was still pending On September 22, 2004 when plaintiff had the right to file an application for benefits under the Long Term Disability Plan.

37. Ingalls Memorial Hospital's policy, as Administrator and fiduciary under the Long Term Disability Plan, is a use of the Long Term Disability Plan for the purposes of the Ingalls Memorial Hospital to provide a substantial disincentive for employees to pursue their claims under the Worker Compensation Act rather than for the exclusive use of plan participants and their beneficiaries.

38. Ingalls Memorial Hospital's policy, as Administrator and fiduciary under the Long Term Disability Plan, of denying

participant's the right to claim benefits under the Long Term

Disability Plan is a violation of the exclusive benefit rule

under ERISA Act Section 404(a) which requires that a  plan be

used for the exclusive benefit of participants and their

beneficiaries.

39.   Ingalls Memorial Hospital's policy, as Administrator

and fiduciary under the Long Term Disability Plan, of denying

plaintiff the right to make a timely claim for benefits under the

Long Term Disability Plan deprived the plaintiff of the loss of

use of the money at the time when plaintiff was unable to work.

40.   Plaintiff has suffered damages for loss of use of the

money she was entitled to have received at the time of her

disability.

41.   Ingalls Memorial Hospital's policy, as Administrator

and fiduciary under the Long Term Disability Plan, that no

participant may claim benefits under the Long Term Disability

Plan while a Workers Compensation Action is pending is a breach

of fiduciary duty in that the Long Term Disability Plan is being

operated for the purpose of discouraging Workers Compensation

claims for the benefit of both the defendant Ingalls Memorial

Hospital and its insurance carrier for workers compensation

31

benefits.

42.    Ingalls Memorial Hospital's decision, as Administrator and fiduciary under the Long Term Disability Plan,  to deny plaintiff the right to file a claim to benefits under the Long Term Disability Plan is contrary to the terms of the Long Term Disability Plan and it is a breach of fiduciary duty to fail to follow the Long Term Disability Plan terms.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff  respectfully prays that this Court:

A.    Award plaintiff and all members of the class of participant she represents damages from the Ingalls Memorial Hospital in the amount of interest of the benefits they should have received for the delay in payment of benefits of their claims under the Long Term Disability Plan:

B.    Enjoin the administrator and all fiduciaries of the Long Term Disability Plan from denying participant the right to file claims for benefits under the Long Term Disability Plan during the pendency of claims under the Workers Compensation Act.

C.    Order defendant Ingalls Memorial Hospital to pay Plaintiff's reasonable attorney's fees, including expert witness fees, expenses and costs pursuant to 29 U.S.C. 1132 incurred both

32

during the administrative proceedings and as a result of this

litigation;

    D.   Grant such further relief as the Court deems necessary

and proper.

                        CHERYL STREET


                        Charles Drake Boutwell


Charles Drake Boutwell
3075 Plum Island Drive
Northbrook, Ill 60062
847-272-2126